Case 1:17-cv-00560-KD-MU   Document 1   Filed 12/19/17   Page 1 of 11

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| ADDISON N. MARTIN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RFR CAPITAL, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 17-560<br>)<br>)<br>) JURY TRIAL DEMANDED<br>) |

## CLASS ACTION COMPLAINT

ADDISON N. MARTIN ("Plaintiff") files this lawsuit for damages, and other legal and equitable remedies, resulting from the illegal actions of RFR CAPITAL, LLC ("RFR" or "Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Alabama Telephone Solicitations Act ("ATSA"), Ala. Code 8-19c-1 – 12 to (1) stop the practice of placing calls using an "automatic telephone dialing system" ("ATDS") and/or using "an artificial or prerecorded voice" to the telephones of consumers nationwide without their prior express consent, (2) stop the practice of placing calls to cellular telephone numbers listed on the National Do Not Call Registry, (3) enjoin Defendant from continuing to place such calls to consumers, and (4) obtain redress for all persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

1

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff has claims that arise under the laws of the United States.

2. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391, because RFR transacts business in this District, and a material portion of the events at issue occurred in this District.

## PARTIES

4. Plaintiff is a resident of Mobile, Mobile County, Alabama.

5. RFR is a limited liability company based in Yonkers, New York.

## FACTUAL ALLEGATIONS

6. Beginning on or about October 2, 2017, RFR called Plaintiff's cellular telephone 4 or 5 times from the number 347-627-9668. Plaintiff initially heard a clicking/beeping noise and/or a delay before anyone answered.

7. On information and belief calls from 347-627-9668 were masked or "spoofed" and actually made from a different number.

8. At all times relevant herein, Plaintiff's cellular telephone number was listed on the National Do Not Call Registry. Plaintiff registered his cellular telephone number XXX-XXX-0359 with the National Do Not Call Registry for the express purpose of avoiding unwanted telemarketing calls.

9. Plaintiff answered the call, and after a delay spoke to a person named Mark Berg. Berg asked Plaintiff a few questions then transferred him to another representative who went by the name of "Randy." Randy explained that RFR was a small business money lender.

10. Preceding each call before Defendant's agent picked up, Plaintiff initially heard a clicking/beeping noise and/or a delay before anyone spoke.

11. On October 16, 2017, Plaintiff was called by Defendant about 5 times from 914-226-3418. Eventually Plaintiff answered a call and spoke to Randy and thereafter RFR sent Plaintiff a loan application via email.

12. Upon information and belief, RFR placed these calls using an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), and prohibited by 47 U.S.C. § 227(b)(1)(A).

13. Defendant's calls were made for marketing Defendant's money lending services, and not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

14. Upon information and belief, the ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

15. Upon information and belief, the ATDS used by Defendant also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

16. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. Defendant did not have prior express written consent to place the calls to Plaintiff.

18. The telephonic communications by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

19. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

20. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that, Defendant interrupted Plaintiff with an unwanted call using an ATDS.

21. Defendant's calls forced Plaintiff to lose the utility of his cellular phone by occupying his cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

22. Upon information and belief, Defendant obtained Plaintiff's cellular telephone number from someone other than Plaintiff.

23. Plaintiff is informed and believes and here upon alleges, that the call was made by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

24. Defendant's aforementioned conduct violated 47 U.S.C. § 227(b)(1)(A)(iii).

## COUNT ONE
## TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff incorporates the relevant foregoing allegations as if fully set forth herein.

26. RFR violated the TCPA by:

   a. Placing approximately ten non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

## COUNT TWO
## ALABAMA TELEPHONE SOLICITATIONS ACT

27. Plaintiff incorporates the relevant foregoing allegations as if fully set forth herein.

Case 1:17-cv-00560-KD-MU   Document 1   Filed 12/19/17   Page 5 of 11

28.     This count is stated under the Alabama Telephone Solicitations Act ("ATSA"), Ala. Code 8 19C 1 – 12.

29.     By registering with the Do Not Call Registry as alleged above, Plaintiff has given notice of his objection to receiving telephone solicitations within the meaning of Ala. Code Section 8-19C-2(a).

30.     Defendant violated the ATSA by making telephone solicitation calls to Plaintiff's telephone after Plaintiff's notice of his objection to receiving such calls.

31.     Defendant also violated the ATSA by knowingly utilizing a method to block or otherwise circumvent the use of caller identification service thereby obscuring the source of the solicitation calls made to Plaintiff. This is a violation of Ala. Code § 8-19C-5(b).

32.     Plaintiff has received multiple telephone solicitation calls within a 12-month period by or on behalf of the defendant in violation of Section 8-19C-2(a) and/or Section 8-19C-5(b).

33.     Plaintiff has suffered actual damages as a result of the defendant's violation of the ATSA, as setout above.

34.     The defendant knowingly made the violating calls to the plaintiff's telephone. The defendant knew or should have known that the plaintiff has provided notice of his objection to receiving such calls at the number called. Therefore, the violation of the ATSA were known violations and the plaintiff is entitled to recovery for actual damages and/or statutory damages as provided in Section 8-19C-7.

## CLASS ACTION ALLEGATIONS

35.  **Class Definitions:** Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and two Classes of similarly situated individuals, defined as follows:

> **The TCPA**
> All individuals in the United States who during the four years prior to the filing of the initial complaint in this action: (1) received more than one telephone call made by or on behalf of Defendant within a 12-month period; (2) promoting Defendant's products or services; (3) at a cellular telephone number and/or a number that had been registered with the National Do Not Call Registry for at least 30 days at the time of each call; (4) where neither Defendant nor its agents had any current record of express consent to place such calls at the times such calls were made.
>
> **Alabama Telephone Solicitations Act**
> All Alabama citizens who during the two years prior to the filing of the initial compliant in this action who (1) received a telephone call made by or on behalf of Defendant; (2) promoting Defendant's products or services; (3) where Defendant utilized a method to block or otherwise circumvent the use of a caller identification service of the person being called; and/or (4) where neither Defendant nor its agents had any current record of prior express written consent to place such call at the times such call was made; and/or (5) where Defendant called a telephone number that had been registered with the National Do Not Call Registry for at least 30 days at the time of each call.

36.  The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) the legal representatives, successors, or assigns of any such excluded persons; and (5) Plaintiff's counsel and Defendant's counsel.

Case 1:17-cv-00560-KD-MU   Document 1   Filed 12/19/17   Page 7 of 11

37. **Numerosity**: The exact sizes of the Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made telephone calls to thousands of consumers who fall into the Classes. Members of the Classes can be identified through Defendant's records.

38. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

**The Do Not Call Class:**

a) Whether Defendant's conduct violated the TCPA and/or the ATSA;

b) Whether Defendant and/or its agents made more than one telephone call within a 12-month period to consumers whose telephone numbers were registered with the National Do Not Call Registry (for at least thirty days, at the time of each call);

c) Whether Defendant and/or its agents systematically made such telephone calls to consumers who did not previously provide Defendant or its agents with prior written express consent to receive such calls; and

d) Whether Plaintiff and members of the Do Not Call Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**Robocall Class:**

a) Whether Defendant's conduct violated the TCPA;

b) Whether Defendant and/or its agents systematically made telephone calls to consumers who did not previously provide Defendant or its agents with prior

express consent to receive such telephone calls;

c) Whether Defendant's telephone calls featured an artificial or prerecorded voice; and

d) Whether Plaintiff and the members of the Robocall Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**Alabama Telephone Solicitations Act Class:**

a) Whether Defendant's conduct violated the ATSA;

b) Whether Defendant and/or its agents utilized a method to block or otherwise circumvent the use of a caller identification service of the person being called;

c) Whether Defendant and/or its agents systematically made telephone calls to consumers who did not previously provide Defendant or its agents with prior express consent to receive such telephone calls; and

d) Whether Defendant called an Alabama Citizen's telephone number that had been registered with the National Do Not Call Registry for at least 30 days at the time of each call.

39. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes, in that Plaintiff and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct toward Plaintiff and each of the other members of the Classes.

40. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interest of the Classes, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant have no defenses unique to Plaintiff.

41. **Policies Generally Applicable to the Classes:** This class action is appropriate for certification because the defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making final injunctive relief appropriate with respect to the Classes as a whole. Defendant's practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff.

42. **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and because joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered, and uniformity of decisions ensured.

WHEREFORE, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

1. An order certifying the Classes as defined above, appointing Plaintiff as the Class Representative for the Classes, and appointing his counsel as Class Counsel for the Classes;

2. An award of up to two thousand dollars ($2,000.00) for each violation of the ATSA;

3. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation of the TCPA, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the other Class Members;

4. Enhanced statutory damages for willful and/or knowing violations of up to $1,500.00 for each violation of the TCPA;

5. An order declaring that Defendant's actions, as set out above, violate the TCPA;

6. A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA; or

7. An Order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

9. An Order requiring Defendant to identify any third-party involved in the autodialed and/or prerecorded calling as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

10. An injunction requiring Defendant to cease all unsolicited autodialed and/or prerecorded calling activities, and otherwise protecting the interests of the Classes;

11. An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

12. An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA;

13. An injunction prohibiting Defendant from conducting any future telemarketing activities until it has established an internal Do Not Call List as required by the TCPA;

14. An injunction requiring Defendant to cease all unsolicited calling activities, and otherwise protecting the interests of the Classes;

15. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

16. Such other and further relief that the Court deems reasonable and just.

RESPECTFULLY SUBMITTED,

DATED: ~~December 19, 2017~~
January 18, 2018

By: _____
Earl P. Underwood, Jr.
Underwood & Riemer, P.C.
21 South Section Street
Fairhope, Alabama 36532
Telephone:   251-990-5558
Facsimile:    251-990-0626
epunderwood@alalaw.com
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by struck jury on all claims so triable before the Court.

/s/ Earl P. Underwood, Jr.

11